STATE, use of ROE *vs.* GEORGE PLATT.

An execution for the whole amount of a judgment payable by instalments, before all the instalments are due, is merely irregular; and is good for the part due.

THIS was an action of debt on a sheriff's recognizance for neglect to levy an execution placed in his hands in due time, upon a crop of peaches and other property of the defendant in the execution.

The plaintiff put in evidence a judgment of Roe, against one Sheerman, for the real debt of $400, payable in three annual instalments, the first being due in April, 1846 ; upon which an execution was issued on the 16th of July, 1847, and was levied the 5th of October, 1847.

*Mr. Rodney* objected to the execution, that it was void, having been issued for the whole sum, when a part only was due ; but

*The Court,* after argument, admitted it, saying :—the distinction is between void and voidable process ; between such as is merely irregular and such as is absolutely void.   Process issued on a judgment payable by instalments, after any of them, but before all of them, are due, and commanding the sheriff to levy the whole debt, would be merely irregular, and it would not be competent for any one collaterally to question it, much less the sheriff, who executes it : but it is even doubtful whether the writ is irregular.   It issues for the penalty, $800, commanding the sheriff to levy that sum, and on the back of it is endorsed the sum due, giving the three instalments, and the time when payable.   The question then arises, whether in its legal operation this execution warrants the levy of any more than the two instalments due.

*Mr. Rodney* then objected that the execution was not admissible under the breach which described it as commanding the plaintiff to collect the real debt of $400.

*Court.*—The execution commands the sheriff to collect the penalty, $800, and is so described in the breach, which also sets out the fact that the real debt endorsed was $400 ; as the law requires it to be entered on the record.   But there is no requirement that the time of payment should be entered on the execution ; and is not necessary in the description of the execution.   (*Code,* 405, § 2498.)

On the case generally, Judge Wootten charged the jury, as follows :—The action is against the sheriff, on his official recognizance, for negligence in executing process.   This is the breach.   The question is, whether there has been negligence.   It is the duty of the sheriff well and truly to serve and execute all process " without delay."   Whether he did, or not, is a fact for the jury.   If he did not ; and any part of the debt was thereby lost, the sheriff is liable. The sheriff was bound to levy, though the defendant's property was already levied on by other writs.   As to the peaches.   Peaches growing on trees could not be levied on, but if gathered and in baskets, they might have been levied on.   Whether any thing could

have been made out of such perishable goods, or not, is for the jury. What amount did this execution authorize the sheriff to levy? The endorsements of the real debt, and the time when the instalments were due, are to be regarded as instructions from the plaintiff to the sheriff, as to the amount to be levied.

If the jury think there was negligence, plaintiff should have a verdict for two-thirds of this judgment; if not, he can recover nothing on account of the sum levied, as there is no breach covering it.

Both sides excepted. *Mr. Bayard,* because diligence is matter of law on the facts, and the court were asked to charge that the time of delay, if proved, was negligence; *Mr. Rodney,* because the execution having been issued for the whole debt, when but two instalments were due, was void, and not such a writ as the sheriff could be responsible for not executing.

The plaintiff had a verdict.

*Bayard,* for plaintiff.
*Rodney,* for defendant.